**WILLIAMS et v**
**SAMUEL J BRENDEL OIL & GAS, INC**

Ohio Appeals, 9th Dist, Summit Co

No 2829. Decided April 2, 1937

P. J. Ballard, Akron, for appellant.
Slabaugh, Seiberling, Huber & Guinther, Akron, for appellee.

## OPINION

By STEVENS, PJ.

Reference will be made to the parties as they appeared in the trial court.

This was an action to recover damages alleged to have been sustained by the plaintiffs by reason of the drainage of gas from their property to a well upon an adjoining property.

The trial court, on motion of the defendant at the close of plaintiffs' evidence, directed the jury to return a verdict in favor of the defendant. That order was complied with, and judgment was thereupon entered on that verdict. The case is here on appeal of the plaintiff Anna C. Williams on questions of law.

The record discloses that one Edward P. Dewalt was the owner of 30 acres of land in Summit County, Ohio; that prior to the dates hereinafter mentioned 5 acres of said land were sold to persons by the name of Milner, and 5 acres to persons by the name of Fairchild, both of said 5-acre parcels lying immediately to the west of the 20 acres retained by said Dewalt.

On the 23rd day of July, 1928, and after the conveyance of said 5-acre parcels had been made, said Edward Dewalt entered into an oil and gas lease with the Pittsburgh Plate Glass Co., which lease, among other things, provided as follows:

"Should the first well drilled on the above described land be a dry hole, then, and in that event, if a second well is not commenced on said land within twelve months from the expiration of the last rental period for which rental has been paid, this lease shall terminate as to both parties, unless the lessee on or before the expiration of said twelve months shall resume the payment of rentals, in the same amount and in the same manner as hereinbefore provided."

In 1930, the defendant, as assignee of the Pittsburgh Plate Glass Co., began the drilling of a well on the southerly end of the Dewalt property, and on April 11, 1930, said drilling resulted in a producing well. Thereafter wells were drilled upon the Milner and Fairchild properties, which latter wells were also commercially productive.

The well on the Milner property was drilled within 68 feet of the line of the Dewalt property.

On February 17, 1931, Dewalt sold the surface of his said 20-acre parcel to the plaintiffs in this action, with a contemporaneous agreement that they should have the free gas provided for by the terms of said oil and gas lease held by defendant, and also one-half of any revenue which might be derived from a second well if one were drilled upon said 20-acre parcel.

On February 14, 1934, Dewalt, by a separate instrument in writing, duly assigned to these plaintiffs his entire right, title and interest in and to said oil and gas lease with the Pittsburgh Plate Glass Co., and also conveyed to plaintiffs all of his right, title and interest in and to the oil and gas, under and upon said premises, reserving therefrom, however, "such as related to said first well now upon said premises and the production and royalties therefrom." Accordingly, upon the 14th of February, 1934, said plaintiffs became the owners of all the lessor's rights under the lease held by the defendant as assignee of the Pittsburgh Plate Glass Co., except such as pertained to said first well.

Prior to February 14, 1934, royalties had been paid by the defendant to Dewalt as in full settlement of offset royalty payments to October 1, 1933.

On May 4, 1934, the plaintiffs made demand upon the defendant to take appropriate action to stop further damage to plaintiff's property by draining and taking gas therefrom through the well upon the Milner property, and refusal on the part of the defendant to adjust the claim made by the plaintiffs resulted in the filing of this lawsuit in the Court of Common Pleas.

Under the rule announced by the Supreme Court of Ohio in **Ohio Fuel Supply Co. v Schilling**, 101 Oh St 106, and **Bucher v Plymouth Oil & Gas Co.**, 107 Oh St 73, it has become the established law of this state that a plaintiff who seeks to maintain an action for damages for breach of an implied covenant to drill offset wells has the burden of establishing the affirmative of the following questions: "Was there productive gas, of sufficient quantity to warrant operations, under the lands of the lessor?" and "Was the same drained into the wells on adjoining lands by reason of the failure of the lessee to drill wells for the protection of the lessor's lines?"

Prior to February 14, 1934, these plaintiffs had no right to maintain any action against the defendant for damages resulting from the taking of gas from under said premises, for, by the terms of said conveyance of that date, they acquired no right to maintain such action. After said date it was incumbent upon them, if they were to recover, to establish the affirmative of those questions contained in the above quotations.

We are unanimously of the opinion that there was a complete failure of proof on the part of plaintiffs to sustain the burden imposed upon them in reference to the requisites above set forth.

We are further of the opinion that under the express provisions of the lease in question there could arise no implied covenant to drill an offset well, because the lease provided the conditions under which the lessee became liable to drill a second well upon said premises: to-wit, only in the event that the first well was a dry hole. That contingency never arose, and accordingly the liability upon the part of the lessee to drill a second well upon said premises never arose.

· The conclusion reached by the trial court, in our opinion, was correct, and the judgment of that court will accordingly be affirmed.

WASHBURN and DOYLE, JJ, concur in
· judgment.